**IN THE UNITED STATES COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KIRBY MAULDIN and SAMUEL SHELLEY, on Behalf of Themselves and All Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **BCSW, LLC and JUST BRAKES,** | § § § | |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT& JURY DEMAND**

**SUMMARY**

1.         Plaintiffs worked more than forty (40) hours in a workweek as assistant managers for Defendants BCSW, LLC and Just Brakes (hereinafter "Defendants").  Plaintiffs were employed by Defendants as assistant managers for one of its service center locations.

2.         Defendants have violated the FLSA and continue to violate the FLSA to this day. Defendants do not pay Plaintiffs overtime pay for such hours at the overtime rate of one and a half times their regular rates as required under the Fair Labor Standards Act (hereinafter "FLSA").

3.         Defendants likewise do not pay overtime to other similarly situated workers throughout Texas.  Those other workers should receive notice of their right to join this suit. Those other workers shall be referred to as the "Class Members."

**PARTIES AND PERSONAL JURISDICTION**

4.         Plaintiff Kirby Mauldin is an individual who resides Lubbock County, Texas.  Said Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

5.      Plaintiff Samuel Shelley is an individual who resides in Lubbock County, Texas. Said Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

6.      The Class Members are all of Defendants' current and former assistant managers who worked more than forty (40) hours in a workweek throughout the United States during the three-year period before the filing of this Complaint.

7.      Defendant BCSW, LLC is a Texas limited liability company that may be served with process by serving its registered agent as follows: David A. Miller, 100 N. Main Street, Palmer, Texas 75152.

8.      Defendant Just Brakes is the assumed name of a business operating in Texas.  Said Defendant may be served with process by serving its registered agent as follows: David A. Miller, 100 N. Main Street, Palmer, Texas 75152.

## SUBJECT MATTER JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     Venue is proper in the Northern District of Texas, Dallas Division because Defendant BCSW, LLC maintains is principal place of business and/or headquarters in this district at 8150 N. Central Expressway, Suite M1008, Dallas, Texas 75206.

## COVERAGE

11.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12.     At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

13.      At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14.      At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C § 206-207.

15.       Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

## FACTS

16.      Defendants operate a brake service and repair company in Texas.

17.      Defendants have approximately 160 service centers throughout the United States.

18.      Defendants are located in eight states, including Texas.

19.      Defendants employ approximately 950 individuals.

20.      Defendants employ approximately 200 assistant managers throughout the United States.

21.      Defendants employ assistant managers to assist in running the daily operations of the service locations according to the rules and procedures laid out in the company manual entitled Just Brakes Stop – Center Manager's Policy Manual.

22.      Plaintiff Kirby Mauldin was an assistant manager for Defendants' service center in Lubbock, Texas.

23.      Plaintiff Samuel Shelley was an assistant manager for Defendants' service center in Lubbock, Texas.

24.      Plaintiffs were non-exempt employees.

25.     Plaintiffs were paid an hourly wage rate.

26.     Plaintiffs also received a commission on a bi-weekly basis.

27.     Plaintiffs also were paid a gross profit bonus on a monthly basis.

28.     Plaintiffs' commission compensation did not exceed fifty percent of Plaintiffs' total compensation for any pay period.

29.     Defendants failed to include the commission payments paid to Plaintiffs when calculating the regular rate of pay of Plaintiffs for purposes of overtime.

30.     Defendants failed to include the gross profit bonus paid to Plaintiffs when calculating the regular rate of pay of Plaintiffs for purposes of overtime.

31.     For example, in any particular pay period, Plaintiffs were compensated at the rate of $7.75 per hour for all hours up to 40 hours per workweek.  Plaintiffs were compensated at the overtime rate of $11.63 per hour for all hours worked over 40 hours per workweek.  The overtime rate of $11.63 equals 1.5 times Plaintiff's hourly pay rate of $7.75.

32.     However, Defendants failed to include commission and gross profit bonus compensation paid to Plaintiff when calculating the correct overtime pay rate due to Plaintiff. *See* Exhibit "C," Plaintiff Kirby Mauldin's payroll report.

33.     Plaintiffs were required to work more than forty (40) hours per workweek, and did so frequently.

34.     Plaintiffs were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

35.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36.       Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek. Plaintiffs attended meetings at Defendants' corporate headquarters in Dallas with dozens of other assistant managers from across the country where calculation of commissions, gross profit bonuses and other compensation issues were regularly discussed

37.        Other employees similarly situated to Plaintiffs work or have worked for Defendants' brake service and repair business, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek.

38.       Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

39.       The Class Members perform or have performed the same or similar work as the Plaintiffs.

40.       Class Members regularly work or have worked in excess of forty hours during a workweek.

41.       Class Members are not exempt from receiving overtime under the FLSA.

42.       As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime compensation.

43.       Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

44.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

45.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

46.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

47.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendant's current and former hourly-paid assistant managers who worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

48.     Plaintiffs and Class Members incorporate all allegations contained in the foregoing paragraphs.

49.     The FLSA requires that non-exempt employees who work more than forty hours in a work week be paid at one and one-half times their "regular rate" of pay. 29 U.S.C. § 207(a)(1).

50.     The "regular rate" for purposes of overtime under the FLSA is an hourly rate. *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945).

51.     When employees are paid on a non-hourly basis, the regular rate is determined by dividing the total remuneration by the amount of hours actually worked. 29 C.F.R. § 778.109.

52.     The regular rate is multiplied by one and one half to determine the rate of pay for the employee's overtime hours. 29 U.S.C. § 207(a)(1).

53.     The general rule is that the "regular rate" includes "all remuneration." 29 U.S.C. § 207(e).

54.     All forms of remuneration must be included in the regular rate, including bonus and commission payments. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.200.

55.     Defendants' practice of failing to pay Plaintiffs and Class Members the mandated time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

56.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs and Class Members.

## WAGE DAMAGES SOUGHT

57.     Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

58.     Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

59.     Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 USC § 216(b).

## JURY DEMAND

60.     Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

61.     For these reasons, Plaintiffs and Class Members respectfully request that judgment be

entered in their favor awarding the following relief:

   a.  Unpaid overtime compensation for all hours worked over forty (40) hours in a
       workweek at the applicable time-and-a-half rate;

   b.  An equal amount of unpaid wages as liquidated damages as required under the
       FLSA;

   c.  Reasonable attorney's fees, costs and expenses of this action as provided by the
       FLSA;

   d.  An order requiring Defendant to correct its pay practices going forward; and

   e.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or
       in equity.

                              Respectfully submitted,

                              KENNEDY HODGES, L.L.P.

                              By:  _/s/_ Galvin B. Kennedy_____
                                   Galvin B. Kennedy
                                   State Bar No. 00796870
                                   gkennedy@kennedyhodges.com
                                   711 W. Alabama St.
                                   Houston, TX  77006
                                   Telephone: (713) 523-0001
                                   Facsimile: (713) 523-1116

                              ATTORNEY IN CHARGE FOR PLAINTIFF &
                              CLASS MEMBERS

OF COUNSEL:
Don J. Foty
State Bar No. 24050022
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116